UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
KIMBERLY DENISE SHEMWELL ) CASE NO. 07-10004(1)(13)
)
Debtor )

### MEMORANDUM-OPINION

This matter is before the Court on the Objection to Claim of Commonwealth Credit Union ("Credit Union") by the Debtor Kimberly Denise Shemwell ("Debtor"). The Court considered the submissions of the parties and the comments of counsel at the hearing held on the matter. For the following reasons, the Court **OVERRULES** the Debtor's objection.

### FACTS

On February 10, 2003, Debtor signed an application for an open-end revolving Visa credit card account with the Credit Union.

On August 3, 2004, Debtor signed a Revolving Credit Agreement and Disclosure, which was an open-end line of credit between the Debtor and the Credit Union. Debtor also signed a Security Agreement on that date giving the Credit Union a lien on a 1997 GMC Sierra as collateral for debt owed by Debtor on the Credit Agreement and the Visa account. The Credit Agreement stated that the GMC Sierra secures payment of "any liabilities, direct or indirect, absolute or contingent, now existing or hereafter arising, of [Debtor] to [Credit Union]."

On September 8, 2006, Debtor signed a second Revolving Credit Agreement and Disclosure. This, like the first Credit Agreement, was an open-end line of credit between Debtor and the Credit Union. Debtor also signed a second Security Agreement on the same date giving the Credit Union

a lien on a 1990 GMC Yukon as collateral for debt owed by Debtor on the Visa account, on the first Credit Agreement and on the second Credit Agreement. The second Security Agreement contained the same broad language as the first Security Agreement making the Yukon collateral for all obligations owed by Debtor to the Credit Union.

On January 2, 2007, Debtor filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On March 9, 2007, Credit Union filed a Proof of Claim in the amount of $7,740.58 on Debtor's Visa Platinum account. The claim indicates that $5,076.63 of the debt is secured by the Debtor's 1997 GMC Sierra and the remaining $2,663.95 is unsecured (See, Claim No. 3).

On March 9, 2007, the Credit Union also filed another Proof of Claim in the amount of $4,473.37 secured by the 1997 GMC Sierra (See, Claim No. 5).

The payoff on the vehicle loan is $4,473.37. The retail value of the vehicle is $9,550.

On June 21, 2007, Debtor filed her Objection to Claim No. 3 contending that the debt evidenced in the Credit Union's Proof of Claim is unsecured.

## LEGAL ANALYSIS

Future advance clauses are generally enforceable in Kentucky. In re Polley, 219 B.R. 205 (Bankr. W.D. Ky. 1998). Whether a particular future advance clause is valid depends on whether it was clearly within the contemplation of the parties. ITT Indus. Credit Co. v. Union Bank & Trust Co., 615 S.W.2d 2, 4-5 (Ky. Ct. App. 1981); In re Howard, 312 B.R. 840 (Bankr. W.D. Ky. 2004).

The language used in the Security Agreement is more properly termed a "dragnet clause" rather than a "future advance clause". Dragnet clauses are more broadly enforced than future

advance clauses. First Commonwealth Bank of Prestonburg v. West, 55 S.W.3d 829, 837 (Ky. Ct. App. 2000).

In In re Polley, 219 B.R. 205 (Bankr. W.D. Ky. 1998), this Court held a dragnet clause in a mortgage securing a residence was effective to secure subsequent business loans by the debtor. The dragnet clause was clearly worded to include any additional indebtedness made by the creditor to the debtor. The court relied on Kentucky case law that recognizes the enforceability of future advance clauses where "the nature and amount of the encumbrance is so described that it may be ascertained by the exercise of discretion and diligence, . . ." Id., 219 B.R. at 207, quoting Bank of Maysville v. Brock, 375 S.W.2d 814, 816 (Ky. 1964) and citing, In re Blieden, 49 B.R. 386, 390 (Bankr. W.D. Ky. 1985).

In the case at bar, the dragnet clauses in the Security Agreements were sufficiently broad, clear and unambiguous. They effectively put Debtor on notice that the Security Agreement covered all of Debtor's obligations with the Credit Union. The collateral identified in the Security Agreements served as security for the balance owed on the Visa account.

The cases cited in support of Debtor's claim that the Visa debt was unsecured are distinguishable from the case at bar. In Dalton v. First National Bank of Grayson, 712 S.W.2d 954 (Ky. Ct. App. 1986) and the other cases relied on by the Debtor, the instruments at issue dealt with purchase money security interests where funds were loaned for the purchase of specific consumer goods. Here, the credit agreements were open-end lines of credit, not intended for the purchase of a specific item. Therefore, the rule of law in Dalton that future advance clauses are enforceable only where the subsequent debt is for a single purchase money loan for consumer goods, is inapplicable.

-3-

## **CONCLUSION**

For all of the above reasons, the Objection to the Claim of Commonwealth Credit Union by the Debtor Kimberly Denise Shemwell is **OVERRULED**.

An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KIMBERLY DENISE SHEMWELL ) | CASE NO. 07-10004(1)(13) |
| ) | |
| Debtor ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Claim of Commonwealth Credit Union by Debtor Kimberly Denise Shemwell, be and hereby is, **OVERRULED**.